IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| CHAD EGELAND,<br>on his own behalf and<br>on behalf of all others similarly situated,<br><br>      Plaintiff,<br>v.<br><br>BANGKOK THAI ENTERPRISES, d/b/a BODA,<br>GREEN ELEPHANT, INC. d/b/a GREEN<br>ELEPHANT VEGETARIAN BISTRO, and<br>NATTASAK WONGSAICHUA<br><br>      Defendant. | Civil Action No. |

## COLLECTIVE ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, files this Collective Action Complaint for unpaid wages against the above-listed Defendants.

### STATEMENT OF THE CASE

1. Defendants Bangkok Thai Enterprises, Inc. d/b/a Boda ("Bangkok Thai"), Green Elephant Inc. d/b/a Green Elephant Vegetarian Bistro ("Green Elephant") (with Bangkok, the "Corporate Defendants"), and Nattasak Wongsaichua employ or have formerly employed the Plaintiff Chad Egelnad and those similarly situated as food preparers at the restaurants Boda (formerly Bangkok Thai) and/or the Green Elephant Vegetarian Bistro.

2. Wongsaichua is an owner along with a business partner ("Owners") of Defendants Bangkok and the Green Elephant, which in turn own the restaurants Boda (formerly Bangkok Thai) and the Green Elephant Vegetarian Bistro (collectively the "Restaurants"). Wongsaichua manages and controls the finances and payrolls of the Corporate Defendants' as

1

well as the Restaurants themselves, and determines all matters governing the essential terms and conditions of employment for both entities.

3. Mr. Egeland and those similarly situated routinely worked in excess of forty (40) hours per week, but were not paid at the proper overtime rate.

4. Defendant Wongsaichua personally exercised operational control over the Restaurants, including but not limited to setting employment and payment rates and policies concerning employees working at the Restaurants, including Mr. Egeland and those similarly situated at both Restaurants.

5. Upon information and belief, all such employment policies, including those policies in violation of the FLSA and Maine state law, were identically implemented by the Defendant Wongsaichua in both of the Restaurants. Accordingly, he is personally liable for violations of the FLSA concerning the employment of Mr. Egeland and those similarly situated at both of the Restaurants.

6. The Defendant violated the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq*.

7. The Defendant's violations of the FLSA were willful and deliberate.

8. Mr. Egeland seeks compensation for the Defendants' violations of the FLSA on his own behalf and on behalf of all other similarly situated employees of Defendants.

**PARTIES, JURISDICTION, AND VENUE**

9. Plaintiff Chad Egeland is a resident of Cumberland County, Maine.

10. Mr. Egeland was employed by the Defendants in Bangkok Thai and subsequently Boda in summer 2009, then again from January through May 2010 and once more from

approximately August 2012 through late January 2016. Mr. Egeland's FLSA Consent to Sue is annexed hereto as Exhibit 1.

11. Defendant Bangkok Thai Enterprises, Inc. d/b/a Boda is a registered Maine business corporation with a principal business street address of 671 Congress Street, Portland, ME 04101.

12. Defendant Green Elephant d/b/a Green Elephant Vegetarian Bistro is a registered Maine business corporation with a principal business address of 608 Congress Street, Portland, ME 04101.

13. Defendant Nattasak Wongsaichua is, upon information and belief, a resident of Cumberland County Maine.

14. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*.

15. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because all the events and omissions giving rise to the claims of the named Plaintiff occurred in the District of Maine, and the Defendants are headquartered, conduct substantial business, and/or reside in the state of Maine.

**FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS**

**Plaintiff Egeland and those similarly situated were not paid overtime due.**

16. Mr. Egeland worked as a dishwasher, then as a food preparer for Defendant Wongsaichua in the Bangkok Thai restaurant in summer 2009.

17. The owners then closed Bangkok Thai for renovations in or about September 2009, reopening the restaurant, which was renamed to Boda in January 2010.

18. Mr. Egeland returned to work for the at Boda in January 2010 and stayed there through approximately May 2010. In this period, and for the remainder of his employment through 2016, Mr. Egeland worked as a food preparer.

19. Mr. Egeland returned to work for Defendant Wongsaichua in Boda in approximately August 2012 and remained there until late January 2016.

20. Throughout their employment, Mr. Egeland and those similarly situated would check in at the beginning of their day and check out at the end of their day through use of a point of service system that recorded their hours. They did so upon the direction of Defendant Wongsaichua.

21. The Defendants routinely expected Mr. Egeland and those similarly situated to work in excess of forty (40) hours per week.

22. In most weeks during the entire period of employment, Mr. Egeland worked in excess of forty (40) hours per week, often substantially more, but was not paid for overtime at the proper overtime rate. Those similarly situated were also not paid at an overtime rate for hours over forty.

23. It was the defendants' policy to alter Mr. Egeland's paychecks to remove references to hours worked or hourly rate when he worked more than forty hours. Upon information and belief, they did the same with those similarly situated to Mr. Egeland who worked in both Boda and the Green Elephant.

**Defendants Bangkok, Green Elephant, Wongsaichua, all jointly employed Mr. Egeland and those similarly situated.**

24. Defendant Wongsaichua, is a co-owner of Defendants Bangkok and Green Elephant and made all relevant employment and management decisions for those corporations.

25. Defendant Wongsaichua exercised operational control over all employees working in both the Green Elephant and Boda (formerly Bangkok Thai), including but not limited to establishing employment and payment policies and ran them as if they were a single enterprise. He controlled the hiring and firing of employees of the Restaurants, and had ultimate authority over the pay of all such employees. Some employees worked at both restaurants in the same work weeks.

26. The Restaurants and each of them had over $500,000 in gross receipts per year.

27. Mr. Egeland and other employees of Wongsaichua handled goods that had traveled in interstate commerce.

28. Defendants intentionally and unlawfully failed to pay Mr. Egeland and those similarly situated overtime at the proper overtime rate when they worked in excess of forty (40) hours.

29. Mr. Egeland, through counsel, demanded all unpaid wages on his own behalf and on behalf of those similarly situated, as well as his own personal employment files by certified letter to the Defendants' business dated January 25, 2016, which was delivered on January 27, 2016.

30. Although the Defendants have made a partial payment to Mr. Egeland, they have not paid liquidated damages and attorneys' fees and continue to refuse to correct their failure to pay all employees correctly.

## 216(b) COLLECTIVE ACTION ALLEGATIONS

31. Mr. Egeland asserts his Count I claim under the FLSA pursuant to 29 U.S.C. § 216(b), on behalf of himself and on behalf of all similarly situated employees currently and formerly employed by Defendants.

32. Pending any modifications necessitated by discovery, the named Plaintiff preliminarily defines the "216(b) Class" as follows:

> ALL CURRENT AND FORMER NON-EXEMPT EMPLOYEES OF DEFENDANTS WHO WERE NOT PAID ALL OVERTIME WAGES DUE

33. All potential FLSA class members are similarly situated to the named Plaintiff Mr. Egeland. They were all employees of Defendants, they all suffered from the same intentional policies of Defendants, including the Defendants' failure to pay overtime.

34. Defendants' unlawful conduct as set forth above has been widespread, repeated and consistent.

35. Defendants' conduct as set forth above was willful, in bad faith, and caused significant damages to the 216(b) Class.

36. Based on the Plaintiff's perception of the average turnover rate of employees and the duration of Defendants' business, the named Plaintiff Mr. Egeland estimates that the putative 216(b) Class is made up of dozens of current and former employees of Defendants. Each member of the 216(b) Class will benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join the present lawsuit.

37. The named Plaintiff Mr. Egeland has retained counsel competent and experienced in complex collective actions and FLSA litigation.

38. The named Plaintiff Mr. Egeland will fairly and adequately protect and represent the interests of the 216(b) Class. He was both an employee of Defendants and was a victim of the same violations of law as other class members, i.e., the failure to pay an appropriate overtime rate.

39. Defendants were legally required to create and maintain, pursuant to FLSA and its regulations, including 29 C.F.R. § 516.2 along with analogous law in Maine, detailed payroll

records. Notice will be easily distributed as all members of the putative class are or were recently employed by Defendants, who was required to create and maintain records containing the mailing addresses of each such class member.

## CLAIMS FOR RELIEF

### COUNT I:
### BREACH OF THE FAIR LABOR STANDARDS ACT (FLSA)
### 28 U.S.C. §§ 201 ET SEQ
### AS TO ALL DEFENDANTS

40. The Plaintiff incorporates all previous paragraphs.

41. Mr. Egeland brings this claim on his own behalf and on behalf of the 216(b) Class.

42. During all times relevant to this action, the named Plaintiff and others similarly situated were employed by all Defendants as defined by 29 U.S.C. § 203(g).

43. The Defendants failed to pay Mr. Egeland and those similarly situated for time worked in excess of forty (40) hours in a given week at the proper overtime rate.

44. During all times relevant to this action, Mr. Egeland and others were employed by the Defendants in an "enterprise engaged in commerce or in the production of goods for commerce," as defined by 29 U.S.C. § 203(s)(1).

45. During all times relevant to this action, the Mr. Egeland and others were employed by the Defendants for handling and otherwise working on goods or materials that had been moved in or were produced for interstate commerce.

46. The Defendants had annual gross revenues in excess of $500,000 and employed two or more persons, including the named Plaintiff, who handled and worked on materials which had been moved in interstate commerce and/or were being prepared for movement in interstate commerce.

47. The Defendants failed to pay Mr. Egeland and those similarly situated at the proper overtime rate for all hours worked in excess of forty (40) in a given week, as is required by the FLSA.

48. The Plaintiff and those similarly situated are entitled to unpaid overtime wages, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

## DEMAND FOR JURY TRIAL

Mr. Egeland demands a jury for all issues so triable.

## PRAYER FOR RELIEF

Mr. Egeland respectfully requests that this Court enter an order or orders:

a. Certifying an opt-in class pursuant to the FLSA, 29 U.S.C. §§ 201 et seq.;

b. Providing appropriate notice of this suit and the opportunity to opt into it be to all potential members of the 216(b) Class;

c. Awarding Mr. Egeland and the 216(b) Class damages and liquidated damages pursuant to 29 U.S.C. §§ 206, 207, 216;

d. Awarding Mr. Egeland and the 216(b) Class costs and attorneys' fees pursuant to 29 U.S.C. § 216(b);

e. Awarding Mr. Egeland and the 216(b) Class pre- and post-judgment interest as permitted by law;

f. Awarding Mr. Egeland and the 216(b) Class punitive damages;

  g.  Granting such other relief as this Court deems just and proper.

Dated: February 8, 2016

                    Respectfully Submitted,

                    <u>/s/Andrew Schmidt</u>
                    Andrew Schmidt, Esq.
                    Peter Mancuso, Esq

                    Andrew Schmidt Law, PLLC
                    97 India St.
                    Portland, Maine 04101


                    *Attorneys for the Plaintiff*